IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE | ) | Chapter 7 |
| | ) | |
| LAWRENCE R. RAUCCI, | ) | Case No. 14 B 15936 |
| | ) | |
| Debtor. | ) | Hon. Timothy A. Barnes |
| BARRY A. CHATZ, not individually but solely as Chapter 7 Trustee, | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Case No. |
| | ) | |
| KIM RAUCCI AND ITALK MEDIA SOLUTIONS, INC., | ) ) | |
| Defendants. | ) | |

**COMPLAINT TO AVOID FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §548 AND THE ILLINOIS FRAUDULENT TRANSFER ACT AND RECOVER DAMAGES**

NOW Comes Barry A. Chatz, not individually but solely as Chapter 7 Trustee, by and through his attorneys, Gregory K. Stern, Monica C. O'Brien, and Rachel S. Sandler, and in support of his Complaint to Avoid Fraudulent Transfers Pursuant to 11 U.S.C. §548 and Illinois Fraudulent Transfer Act and Recover Damages, states as follows:

### INTRODUCTION

1. On April 29, 2014 (the "Petition Date"), Lawrence R. Raucci (the "Debtor") caused a Voluntary Petition under Chapter 7 of the United States Bankruptcy Code to be filed, and Barry A. Chatz was appointed as Chapter 7 Trustee in the case.

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334, and this adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

3. Venue is proper pursuant to 28 U.S.C. Section 1409(a).

4. Pursuant to § 544 of the Bankruptcy Code, this complaint is brought to avoid the transfers of

the Debtor's corporation's interest in personal property under 11 U.S.C. § 548 of the Bankruptcy Code and the Uniform Fraudulent Transfer Act as adopted in Illinois (the "Act") as set forth at 740 ILCS 160/1 *et seq.*; or, alternatively, to recover damages against the Defendants in an amount equivalent to the diminution of value of the Debtor's interest in his corporation as of the date of the transfers.

## PARTIES

5. Kim Raucci, the wife of the Debtor, is an individual residing at 734 Illinois Road, Wilmette, Illinois

6. ITALK Media Solutions, Inc. ("ITALK") is an Illinois corporation having its principal business location at 734 Illinois Road, Wilmette, Illinois.

7. ITALK operates under the assumed name of Talk Advertising 1.

8. Kim Raucci is the 100% shareholder of ITALK.

## FACTS

9. The Debtor owns and controls 100% of the shareholder interests of T.A.L.K. Networking Systems, Inc. d/b/a Talk Advertising ("TALK"), an Illinois corporation having its principal business location at 734 Illinois Road, Wilmette, Illinois.

10. On November 25, 20002, TALK was incorporated with the Illinois Secretary of State.

11. The Debtor's interest in and right to control TALK is property of the estate pursuant to 11 U.S.C. §541(a).

12. TALK is engaged in the business of providing advertising services.

13. TALK provided advertising services to clients, including Banner Health ('Banner").

14. On or about April 17, 2009, TALK and Banner entered into a Services Agreement ('the "Agreement") whereby TALK would provide advertising services to Banner.

15. On June 8, 2012, ITALK was incorporated with the Illinois Secretary of State.

16. ITALK is engaged in the business of providing advertising services.

17. Upon information and belief, ITALK performs the same services as TALK.

18. In 2012, the Debtor caused TALK to transfer the majority of its assets to ITALK, including its customer lists, contracts, name and other business intangibles for no consideration (the "Transfer").

19. ITALK services the same clients and/or customers as TALK.

20. ITALK continues to provide advertising services to Banner under the Agreement with TALK.

21. ITALK deposits the money generated from the Agreement between Banner and TALK into ITALK's business account (the "Ongoing Transfers").

22. Neither Kim Raucci nor ITALK paid any consideration to TALK for the use and/or transfer of TALK's corporate assets, including, its customer list, contracts, name and other business intangibles.

23. The value of the Debtor's interest in TALK was reduced to zero based upon its transfer of all of its corporate assets to ITALK.

24. ITALK received the benefit of the Transfer and the Ongoing Transfers.

25. Kim Raucci received the benefit of the Transfer and the Ongoing Transfers.

26. In its first year of operation, ITALK's 2013 1120S U.S. Income Tax Return for an S Corporation reflects Gross Receipts of $622,235.00.

## COUNT I
## AVOIDANCE OF FRAUDULENT TRANSFER – 11 U.S.C. §548

27. The Trustee hereby incorporates by reference the allegations contained in paragraphs 1 through 26 above as paragraph 27 of Count I as if fully set forth herein.

28. The Ongoing Transfers occurred within two (2) years before the filing of the Bankruptcy Case.

29. The Ongoing Transfers were made to and for the benefit of the Defendants.

30. The Debtor, on behalf of TALK, made the Ongoing Transfers without receiving reasonably equivalent value in exchange for the Ongoing Transfers.

31. The Debtor was insolvent or became insolvent shortly after the Ongoing Transfers were made.

32. The Ongoing Transfers are fraudulent transfers pursuant to 11 U.S.C. § 548 of the Bankruptcy Code.

33. Pursuant to 11 U.S.C. §548(a)(1)(B)(ii)(I) of the Bankruptcy Code, the Trustee may avoid:

> [A]ny transfer of an interest of the debtor in property, or any obligation (including any obligation to or for the benefit of an insider under an employment contract) incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily received less than a reasonably equivalent value in exchange for such transfer or obligation; and was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation.

WHEREFORE, Barry A. Chatz, Chapter 7 Trustee, prays that this Court enter an order avoiding the Ongoing Transfers; and for such further relief as this Court deems just.

## COUNT II
## LIABILITY OF TRANSFEREE OF AVOIDED TRANSFER – 11 U.S.C. § 550

34. The Trustee hereby incorporates by reference the allegations contained in paragraphs 1 through 33 above as paragraph 34 of Count II as if fully set forth herein.

35. The Defendant, ITALK, is the initial transferee of the Ongoing Transfers.

36. The Defendant, Kim Raucci, is an individual for whose benefit the Ongoing Transfers were made as she is the 100% owner of ITALK.

37. Pursuant to 11 U.S.C. § 550 of the Bankruptcy Code, to the extent that a transfer is avoided under § 548, the trustee is entitled to recover, "for the benefit of the estate, the property transferred, or if the court so orders, the value of such property from…the initial transferee of such transfer or the entity for whose benefit such transfer was made."

38. Pursuant to 11 U.S.C. § 550(a) of the Bankruptcy Code, the Trustee is entitled to recover the present value of the Ongoing Transfers that were received by the Defendants.

WHEREFORE, the Trustee respectfully requests that this Court:

A. Enter judgment in favor of the Trustee and against the Defendants declaring that the Trustee is entitled to a money judgment for the value of the Ongoing Transfers, pursuant to 11 U.S.C. § 550 of the Bankruptcy Code;

B. Enter judgment in favor of the Trustee and against the Defendants in an amount in excess of $50,000.00; and,

C. Grant the Trustee any and all such other and further relief as this Court deems just.

## COUNT III
## AVOIDANCE OF FRAUDULENT TRANSFER – ILLINOIS FRAUDULENT TRANSFER ACT

39. The Trustee hereby incorporates by reference the allegations contained in paragraphs 1 through 26 above as paragraph 39 of Count III as if fully set forth herein.

40. 740 ILCS 160/5 provides that:

> "(a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
> (1) with actual intent to hinder, delay, or defraud any creditor of the debtor; or
> (2) without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:
>   (A) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
>   (B) intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due."

41. The Debtor, on behalf of TALK, made the Transfer and the Ongoing Transfers with actual intent to hinder, delay and defraud his creditors.

42. The Debtor, on behalf of ITALK, made the Transfer and Ongoing Transfers without receiving reasonably equivalent value in exchange for the Transfer and Ongoing Transfers.

43. The Debtor, on behalf of TALK, made the Transfer and Ongoing Transfers to and for the benefit of the Defendants.

44. The Debtor was insolvent or became insolvent shortly after the Transfer and the Ongoing

Transfers were made.

45. The Transfer and the Ongoing Transfers were fraudulent transfers under the Act.

WHEREFORE, Barry A. Chatz, Chapter 7 Trustee, prays that this Court enter an order avoiding the Transfer and Ongoing Transfers and for such further relief as this Court deems just.

## COUNT IV
## RECOVERY OF PROPERTY - ILLINOIS FRAUDULENT TRANSFER ACT

46. The Trustee hereby incorporates by reference the allegations contained in paragraphs 1 through 26 and paragraphs 39 through 45 above as paragraph 46 of Count IV as if fully set forth herein.

47. 740 ILCS 160/9 provides that, "to the extent a transfer is voidable in an action by a creditor..., the creditor may recover judgment for the value of the asset transferred. . ."

48. The Trustee is entitled to recover damages from the Defendants in an amount equivalent to the diminution of value of the Debtor's interest in TALK on the dates of the Transfer and the Ongoing Transfers.

WHEREFORE, Barry A. Chatz, Chapter 7 Trustee, prays that this Court enter a judgment awarding damages against the Defendants in an amount in excess of $50,000.00 and for such further relief as this Court deems just.

      /s/ Gregory K. Stern
      Gregory K. Stern

Gregory K. Stern (Atty. ID #6183380)
Monica C. O'Brien (Atty. ID #6216626)
Rachel S. Sandler (Atty. ID #6310248)
53 West Jackson Boulevard
Suite 1442
Chicago, Illinois 60604
(312) 427-1558