IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE | ) | Chapter 7 |
| | ) | |
| LAWRENCE R. RAUCCI, | ) | Case No. 14 B 15936 |
| | ) | |
| Debtor. | ) | Hon. Timothy A. Barnes |
| | ) | |
| | ) | Hearing Date and Time: |
| | ) | April 27, 2016 at 10:00 am |

## NOTICE OF MOTION

TO:    Attached Service List

**PLEASE TAKE NOTICE THAT** on April 27, 2016, at 10:00 a.m., I shall appear before the Honorable Judge Timothy A. Barnes, or any other judge sitting in her stead, in Room 744, 219 South Dearborn Street, Chicago, Illinois, and request a hearing on the Chapter 7 Trustee's Motion to Approve Compromise and Settlement, a copy of which is attached hereto and thereby served upon you.

## CERTIFICATE OF SERVICE

I, the undersigned, an attorney, hereby state that pursuant to Section II, B, 4 of the Administrative Procedures for the Case Management/Electronic Case Filing System, I caused a copy of the foregoing NOTICE OF MOTION and MOTION to be served on all persons set forth on the attached Service List identified as Registrants through the Court's Electronic Notice for Registrants and, as to all other persons on the attached Service List by mailing a copy of same in an envelope properly addressed and with postage fully prepaid and by depositing same in the U.S. Mail, Chicago, Illinois, on 5th day of April, 2016.



      /s/ Gregory K. Stern      
Gregory K. Stern

Gregory K. Stern, P.C.
Gregory K. Stern (Atty. ID #6183380)
Monica C. O'Brien (Atty. ID # 6216626)
Rachel S. Sandler (Atty. ID #6310248)
53 West Jackson Boulevard
Suite 1442
Chicago, Illinois 60604
(312) 427-1558

## SERVICE LIST

**Registrants Served Through The Court's Electronic Notice For Registrants**

Patrick S Layng
Office of the U.S. Trustee, Region 11
219 South Dearborn Street, Room 873
Chicago, Illinois 60604

Barry A. Chatz, Esq., Chapter 7 Trustee
120 South Riverside Plaza, Suite 1200
Chicago, Illinois 60606-3910

Mohammed O. Badwan
Sulaiman Law Group, Ltd.
900 Jorie Blvd., Suite 150
Oak Brook, Illinois  60523

Joel P Fonferko
Codilis & Associates, P.C.
15W030 N. Frontage Road, Suite 100
Burr Ridge, IL 60527

**Registrants Served Via US Mail**

David P. Lloyd, Esq.
615B South LaGrange Road
LaGrange, Illinois 60525

Lawrence R. Raucci
734 Illinois Road
Wilmette, Illinois  60091

Kim Raucci and ITALK Media Solutions, Inc.
734 Illinois Road
Wilmette, Illinois  60091

American Express
PO Box 1000
Los Angeles, CA 90001-1000

American Express
|c/o Becket & Lee
P.O. Box 3001
Malvern, PA 19355-0701

Biehl & Bielh
325 E. Fullerton Avenue
Carol Stream, IL 60188-1865

Certified Recovery, Inc.
PO Box 808
Eau Claire, WI 54702-0808

Chase *
ATTN:  Bankruptcy Department
P.O. Box 15298
Wilmington, DE 19850-5298

Discover Bank
DB Servicing Corporation
PO Box 3025
New Albany, OH  43054-3025

Eau Claire Press Co
701 S. Farwell Street
Eau Claire, WI 54701-3831

Equifax Information Services, LLC
1550 Peachtree Street NW
Atlanta, GA 30309

Experian Information Solutions, Inc.
475 Anton Boulevard
Costa Mesa, CA 92626-7037

Fisher and Shapiro, LLC
2121 Waukegan Road
Suite 301
Deerfield, IL 60015-1831

GMAC
P.O. Box 12699
Glendale, AZ 85318

GMAC Mortgage
3451 Hammond Avenue
Waterloo, IA 50702-5300

Gmac Mortgage
Bankruptcy Department
100 Virginia Drive
Fort Washington, PA 19034-3204

Illinois Bone & Joint Institute
2401 Ravine Way
Glenview, IL 60025-7645

Illinois Bone & Joint Institute
720 Florsheim Drive
Libertyville, IL 60048-3757

Law Offices of Michael Davis Weis
PO Box 1166
Northbrook, IL 60065-1166

Medical Business Bureau
1175 Deven Drive, Suite 173
Morton Shores, MI 49441-6079

Medical Business Bureau
1460 Renaissance D, Suite 400
Park Ridge, IL 60068-1349

NW Neurosurgical Associates
19250 SW 65th Avenue, Suite 260
Tualatin, OR 97062-7747

NW Neurosurgical Associates
7447 W. Talcott, Suite 340
Chicago, IL 60631-3714

NorthShore
9609 Eagle Way
Chicago, IL 60678-1096

NorthShore University Health System
1182 Northbrook Court
Northbrook, IL 60062-1435

NorthShore University Health System
2650 Ridge Avenue
Evanston, IL 60201-1718

Northshore
23056 Network Place
Chicago, IL 60693-0001

Northshore UHS
9532 Eagle Way
Chicago, IL 60678-1095

PNC Bank
3232 Newmark Drive, Building 8
Miamisburg, OH 45342-5421

PNC Bank
6750 Miller Road
Brecksville, OH 44141-3239

PNC Bank
PO Box 5570
Cleveland, OH 44101-0570

PNC Bank N.A
1 Financial Parkway
Kalamazoo, MI 49009-8002

PNC Bank NA
Two PNC Plaza
620 Liberty Avenue
Pittsburgh, PA 15222-2729

PNC Mortgage
3232 Newmark Dr., Bldg. 8
Miamisburg, OH 45342-5433

Presence Health
621 17th Street, Suite 1800
Denver, CO 80293-0621

Presence Ressurection Medical Center
62221 Collection Center Drive
Chicago, IL 60693-0622

Ressurection Services
62311 Collections CD
Chicago, IL 60693-0623

Resurrection Health Care
62314 Collection CD
Chicago, IL 60693-0623

Resurrection Medical Center
7435 W. Talcott Avenue
Chicago, IL 60631-3746

Trans Union LLC
1561 E. Orangethorpe Avenue
Fullerton, CA 92831-5210

United Recovery Service
18525 Torrence, Suite C6
Lansing, IL 60438-2891

United Recovery Systems, LP
P.O. Box 722929
Houston, TX 77272-2929

Weltman, Weinberg & Reis Co., L.P.A.
323 W. Lakeside Avenue, Suite 200
Cleveland, OH 44113-1009

Weltman, Weinberg & Reis Co., LPA
180 North LaSalle Street, Suite 2400
Chicago, IL 60601-2704

Zwicker & Associates P.C.
7366 N. Lincoln Ave. Suite 404
Lincolnwood, IL 60712-1741

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE | ) | Chapter 7 |
| | ) | |
| LAWRENCE R. RAUCCI, | ) | Case No. 14 B 15936 |
| | ) | |
| Debtor. | ) | Hon. Timothy A. Barnes |
| | ) | |
| | ) | Hearing Date and Time: |
| | ) | April 27, 2016 at 10:00 am |

**CHAPTER 7 TRUSTEE'S MOTION TO APPROVE COMPROMISE AND SETTLEMENT**

NOW COMES Barry A. Chatz, not individually, but solely in his capacity as Chapter 7 Trustee, by and through his attorneys, Gregory K. Stern, Monica C. O'Brien and Rachel S. Sandler, and in support of his Motion to Approve Settlement, states as follows:

1. On April 29, 2014 (the "Petition Date"), Lawrence R. Raucci (the "Debtor") caused a Voluntary Petition under Chapter 7 of the United States Bankruptcy Code to be filed (the "Bankruptcy Case"), and Barry A. Chatz was appointed as trustee in this case.

2. This Court has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. §1334; venue of this Title 11 case is proper in this District pursuant to 28 U.S.C. §1408; and, this matter constitutes a core proceeding under 28 U.S.C. §157(b)(2)(A) and (O).

**BACKGROUND OF CASE**

3. The Debtor is the 100% shareholder of T.A.L.K. Networking Systems, Inc. d/b/a Talk Advertising ("TALK"), an Illinois corporation, engaged in the business of providing advertising services.

4. TALK provided advertising services to its sole client, Banner Health ('Banner"). On or about April 17, 2009, TALK and Banner entered into a Services Agreement (the "Banner Agreement") whereby TALK would provide advertising services to Banner.

5. TALK was incorporated in 2002 and ceased operating in 2012.

6. In 2012, Kim Raucci, the wife of the Debtor, incorporated ITALK Media Solutions, Inc. ("ITALK"), an Illinois corporation, engaged in the business of providing advertising services. Kim Raucci is the 100% shareholder of ITALK.

7. From 2012 to present, ITALK has provided advertising services to its sole client, Banner.

8. Notwithstanding that TALK allegedly ceased doing business in 2012, from July 2012 to the Petition Date, ITALK continued to provide services to Banner under the Banner Agreement between Banner and TALK.

9. From July 2012 to the Petition Date, the money generated from the Banner Agreement between Banner and TALK has been deposited into ITALK's financial account (the "Ongoing Transfers").

10. From the Petition Date to the present, the money generated from the Banner Agreement between Banner and TALK has been deposited into ITALK's Bank Account without the consent or approval of the Trustee.

11. The Trustee has alleged that the Ongoing Transfers constitute a fraudulent transfer under 11 U.S.C. §548. In that regard, the Trustee has filed a multi-count adversary complaint more commonly known as *Barry A. Chatz, not individually but as solely as Chapter 7 v. Kim Raucci and ITALK Media Solutions, Inc.,* Adv. Case No 15 A 860 (the "Adversary Proceeding") wherein the Trustee seeks (a) a declaratory judgment that TALK is the alter ego of the Debtor; (b) recovery of the Ongoing Transfers as a fraudulent transfer; and (c) turnover of the profits of ITALK since the Petition Date.

12. Kim Raucci and ITALK have disputed that (a) TALK is the alter ego of the Debtor; (b) that no consideration was given for ITALK's providing continued service to Banner under the Banner Agreement; and (c) that the Trustee is entitled to turnover of any monies received by ITALK under the

Banner Agreement as any monies were rightfully earned by ITALK.

## TERMS AND CONDITIONS OF SETTLEMENT

13. The Trustee, Kim Raucci and ITALK (the "Parties") have reached agreement to compromise and settle all disputes and issues involved in the Adversary Proceeding wherein the Trustee will dismiss the Adversary Proceeding, with prejudice, for payment of $12,000.00, which amount shall be paid to the Trustee upon entry of an order by this Court approving the compromise and settlement.

14. Upon entry of an order approving the compromise and settlement between the Trustee, Kim Raucci and ITALK, an order will be entered dismissing the Adversary Proceeding, with prejudice.

## BASIS FOR RELIEF AND APPLICABLE AUTHORITY

15. Compromise and settlement have long been an inherent component of the bankruptcy process. *See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1958) (citing *Case v. Los Angeles Lumber Prods. Co.*, 308 U.S. 106, 130 (1939)). Rule 9019 provides:

> (a) COMPROMISE. On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States Trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the Court may direct.

16. Bankruptcy Rule 9019 provides that the Court "may approve a compromise or settlement." Compromises are tools for expediting the administration of the case and reducing administrative costs and are favored in bankruptcy. *See, Fogel v. Zell*, 221 F.3d 955, 960 (7th Cir. 2000); <u>*Fishell v. Soltow (In re Fishell)*</u>, No. 94-1109, 1995 WL 66622, at *2 (6th Cir. February 16, 1995); *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996) ("To minimize litigation and expedite the administration of a bankruptcy case, '[c]ompromises are favored in bankruptcy.'") (quoting 9 Colliers

on Bankruptcy ¶ 9019.03[1] (15th Ed. 1993)).  Various courts have endorsed the use of Bankruptcy Rule 9019.  *See, e.g., In re Patel*, 43 B.R. 500, 504 (N.D. Ill. 1982); *In re Miller*, 148 B.R. 510, 516 (Bankr. N.D. Ill. 1992); *In re Check Reporting Service, Inc.*, 137 B.R. 653 (Bankr. W.D. Mich. 1992); *Bartel v. Bar Harbor Airways. Inc.*, 196 B.R. 268 (S.D.N.Y. 1996); *In re Foundation for New Era Philanthropy*, Case No. 95-13729B, 1996 Bankr. LEXIS 1892 (Bankr. E.D. Pa. Aug. 21, 1996).

       17.    The standards by which a Court should evaluate a settlement are well established.  In addition to considering the proposed terms of the settlement, the Court should consider the following factors:

> (a)   the probability of success in litigation;
> (b)   the difficulty in collecting any judgment that may be obtained;
>       the complexity of the litigation involved, and the expense inconvenience and delay necessarily attendant to it; and,
> (c)   the interest of creditors and stockholders and a proper deference to their reasonable views of the settlement.

*See In re Patel*, 43 B.R. at 504-05; *Protective Comm. for Indep. Stock holders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-25 (1968); *Fishell*, 1995 WL 66622, at *3; *In re Pennsylvania Truck Lines. Inc.*, 150 B.R. 595, 598 (E.D. Pa. 1992), *aff'd*, 8 F.3d 812 (3d Cir. 1993); *In re Grant Broadcasting Inc.*, 71 B.R. 390, 395 (Bankr. E.D. Pa. 1987); *In re Neshaminy Office Bldg. Assoc's.*, 62 B.R. 798, 803 (E.D. Pa. 1986).

       18.    The decision to approve a settlement or compromise is within the discretion of the Court and is warranted where the settlement is found to be reasonable and fair in light of the particular circumstances of the case.  *See, TMT Trailer Ferry*, 390 U.S. at 424-25.  The settlement need not be the best that the debtor could have achieved, but need only fall "within the reasonable range of litigation possibilities."  *In re Telesphere Communications, Inc.*, 179 B.R. 544, 553 (Bankr. N.D. Ill. 1994).  In making its determination, a court should not substitute its own judgment for that of the debtor.  *Neshaminy Office*, 62 B.R. at 803.

19. Compromises are favored in bankruptcy and public policy favors compromise because litigation "can occupy a court's docket for years on end, depleting resources of the parties and the taxpayers while rendering meaningful relief elusive." *In re Grau*, 267 B.R. 896, 899 (Bankr. S.D. Fla. 2001) (quoting *Matter of Munford, Inc.*, 97 F.3d 449, 455 (11th Cir. 1996). "Approval of a settlement is committed to the court's sound discretion." *In re Commercial Loan Corp.*, 316 B.R. 690, 697 (Bankr. N.D. Ill. 2004). The Trustee asks the Court to exercise its authority and discretion and, based on the standards for the approval of compromises under Rule 9019, approve the settlement between the Trustee, Kim Raucci and ITALK.

20. The paramount question in approving a bankruptcy settlement is whether the compromise is in the best interests of the estate. *E.g., In re Andreuccetti*, 975 F.2d 413, 421 (7th Cir. 1992). The "linchpin" of this examination is "a comparison of the value of the settlement with the probable costs and benefits of litigating. *In re Doctors Hosp. of Hyde Park, Inc.*, 474 F.3d 421, 426 (7th Cir. 2007). Factors that the Court should consider include "the litigation's probability of success, complexity, expense, inconvenience, and delay, including the possibility that disapproving the settlement will cause wasting of assets." *Id.* (internal quotations omitted).

21. In conducting such an analysis, "a precise determination of likely outcomes is not required, since 'an exact judicial determination of the values in issue would defeat the purpose of compromising the claim.'" *In re Telesphere Communications, Inc.*, 179 B.R. 544, 553 (Bankr. N.D. Ill. 1994) (quoting *In re Energy Coop, Inc.*, 886 F.2d 921, 927 (7th Cir. 1989)). Instead, the court must determine if the "settlement falls within the reasonable range of possible litigation outcomes." *Doctors Hosp.*, 474 F.3d at 426. The standard is not met "only if a settlement falls below the low end of possible litigation outcomes." *Id.*

22. The Trustee believes that the compromise and settlement is reasonable and equitable in light of all of the relevant factors. In negotiating the terms of the compromise and settlement, the

Trustee has considered the following risks/factors:

(a) In the event that the Trustee is unable to establish that the Debtor is the alter ego of TALK, this Court would not have jurisdiction to adjudicate the Adversary Proceeding;

(b) A determination of the value of the Banner Agreement will require expert valuation testimony by the Parties that would be extremely costly; and,

(c) Kim Raucci and TALK's likelihood of establishing affirmative defenses to the allegations raised in the Adversary Proceeding.

23. The Trustee compared the value of the Settlement Amount with the costs and benefits of litigation and believes that compromise and settlement is in the best interest of the Bankruptcy Estate.

## Notice of Settlement

24. Pursuant to Bankruptcy Rule 2002, the Trustee caused notice of the settlement to be served *via* Electronic Notice and/or U.S. Mail on the following parties: (i) the Office of the United States Trustee, (ii) all of the Debtor's creditors, (iii) the Defendant's and Defendants' Counsel in the Adversary Proceeding; and (iv) all parties requesting notice in the Bankruptcy Case pursuant to the Court's ECF system.

**WHEREFORE**, Barry A. Chatz, Chapter 7 Trustee, prays for an order as follows:

(a) Approving the terms of the compromise and settlement between the Trustee, Kim Raucci and TALK pursuant to Bankruptcy Rule 9019; and,

(b) For such other relief as may be just.

By: /s/ Gregory K. Stern
Gregory K. Stern, Attorney

Gregory K. Stern (Atty. ID #6183380)
Monica C. O'Brien (Atty. ID #6216626)
Rachel S. Sandler (Atty. ID #6310248)

53 West Jackson Boulevard  
Suite 1442  
Chicago, Illinois 60604  
(312) 427-1558